**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO HEYWARD, | No. C-14-03583 DMR |
| Plaintiff(s), | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |
| v. | |
| CALIFORNIA HIGHWAY PATROL, | |
| Defendant(s). | |

On August 7, 2014, Plaintiff filed this lawsuit and an application for leave to proceed *in forma pauperis*. On September 5, 2014, the court granted the application and dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), for failure to state a claim on which relief may be granted. Order [Docket No. 8] at 1-2. The court noted that a district court "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," and therefore dismissed the Complaint with leave to amend to remedy the deficiencies noted in the order. *Id.* at 7-8 (citation omitted). The court also referred Plaintiff to as the Court's Legal Help Centers for unrepresented parties. *Id.* at 8. Plaintiff subsequently met with a representative from the Legal Help Center, *see* Docket No. 7, and filed a First Amended Complaint ("FAC"), *see* Docket No. 9.

However, because the FAC does not remedy the deficiencies noted in the court's previous order, the court dismisses the FAC for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. LEGAL STANDARDS

A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Although pleadings by self-represented individuals are liberally construed and held to a less stringent standard than those drafted by lawyers, a complaint should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). *See also* Fed. R. Civ. P. 12(b)(6); *Haines v. Kerner*, 404 U.S 519, 520-21 (1972). Further, district courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations. *Franklin*, 745 F.2d at 1228.

## II. DISCUSSION

As in the original Complaint, the various causes of action in the FAC all stem from Plaintiff being stopped and arrested for drunk driving on August 4, 2012, in Oakland, California. Additional allegations will be discussed below where relevant.

**A. Claims Against California Highway Patrol**

The FAC lists only the California Highway Patrol ("CHP") as a Defendant. As the court previously noted, Plaintiff does not allege any specific conduct or policy by the CHP, nor any theory of liability for violation by the CHP of any of the laws cited in the FAC. Thus, the FAC fails to state a claim against the CHP.

**B. Claims Against Others**

Even liberally construing the FAC to bring claims against Officer Avila and Sergeant Newman—both of whom were named as Defendants in the original Complaint but not in the FAC—the FAC is dismissed for failure to state a claim against these Defendants.

### 1. California Statutory Causes of Action

Plaintiff alleges that Defendants violated the Unruh Civil Rights Act, and California Civil Code §§ 52, 51.5, 51.6, 51.7, 51.9, and 54.  As the court noted in the prior order, **"**Plaintiff's California statutory law causes of action are insufficient, as none of the laws cited have any bearing on the conduct alleged." *See* Order at 4-5.  The FAC fails to remedy this deficiency, and all of Plaintiff's state law statutory claims are **dismissed without leave to amend.**

### 2. "Intentional Tort"

In the earlier order, the court held that "Plaintiff's 'intentional tort' cause of action is plainly insufficient as Plaintiff does not specifically allege what tort Defendants committed through their conduct.  Furthermore, Plaintiff has failed to allege that he has complied with the claims presentation requirements of the California Tort Claims Act, Cal. Gov. Code § 900 *et seq.*" Order at 5.  As pled in the FAC, Plaintiff's "intentional tort" claim fails for the same reasons: Plaintiff still does not specify what tort Defendants committed, nor allege that he has complied with the California Tort Claims Act.  The "intentional tort" claim is therefore **dismissed without leave to amend.**

### 3. 42 U.S.C. § 1985

Section 1985 prohibits certain categories of conduct by persons acting in conspiracy.  To bring a cause of action under either Section 1985(2) or 1985(3), a plaintiff must allege and prove that discriminatory animus motivated the conspirators' actions.  *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citing 42 U.S.C. § 1985(3)).  The court dismissed Plaintiff's Section 1985 claim because Plaintiff failed to allege that any Defendant's conduct was motivated by discriminatory animus, or even that Plaintiff was a member of a protected class.

In the FAC, Plaintiff appears to be alleging that he is a member of a protected class.  *See* FAC at ¶ 6 ("Due to racial profiling, malicious acts of prejudice against a Black African American Male who appears to be a Muslim or Rastafarian, these defendants conspired to deprive[] me of my legally protected rights and that the defendants were motivated by discriminatory animus . . . .").

1 Even so, the Section 1985 fails for other reasons, including that Plaintiff has failed to allege any
2 conspiratorial conduct other than the conclusory allegation that "these defendants conspired to
3 deprive[] me of my legally protected rights," without specifying which defendants and what rights,
4 and that Plaintiff has failed to allege discriminatory animus other than the conclusory allegation that
5 "defendants were motivated by discriminatory animus," without specifying what conduct was
6 motivated by that animus and any further detail about that animus. Plaintiff has therefore failed to
7 state a claim under either Section 1985(2) or Section 1985(3), and the claim is **dismissed without**
8 **leave to amend.**

### 4. 42 U.S.C. § 1983

If a person acting under color of state law subjects another "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws," that person may be liable to the party injured pursuant to 42 U.S.C. § 1983. Here, the conduct alleged to injure Plaintiff is (1) the allegedly perjured testimony of Sergeant Newman during a criminal proceeding; and (2) the allegedly false police reports created by Sergeant Newman and Officer Avila.

With respect to the former, the court dismissed the claim as stated in the original Complaint for the following reasons:

> Plaintiff's sparse allegations fail to set forth enough facts to state a claim to relief that is plausible on its face, as Plaintiff has failed to allege which Defendants testified at what proceeding, and how that testimony was false. Furthermore, additional facts cannot cure the deficiency with this claim: Sergeant Newman and Officers Avila and Washabaugh[1] are immune from civil liability under Section 1983 for their allegedly perjured testimony and alleged conspiracy to perjure their testimony. *See Paine v. City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001) ("Witnesses, including police witnesses, are immune from liability for their testimony in earlier proceedings even if they committed perjury. Recognizing that plaintiffs could easily circumvent witness immunity by alleging that a witness had conspired to commit perjury rather than alleging that the witness had actually committed perjury, we have held that witness immunity also extends to conspiracies to commit perjury.") (citations omitted).

Order at 6. No additional allegations can cure these fundamental defects.

With respect to the latter, Plaintiff alleges that Sergeant Newman "perjured himself and submitted a false police report," but does not specify what is false about Sergeant Newman's report.

---

[1] Officer Washabaugh was named as a Defendant in the original Complaint. There are no allegations against Officer Washabaugh in the FAC.

4

*See* FAC at ¶ 2 (alleging only that Sergeant Newman "submitted a false police report" that stated that Sergeant Newman noticed Plaintiff, inter alia, weaving and crossing double lines separating eastbound and westbound traffic).  The claim is therefore clearly deficient as to Sergeant Newman.

Plaintiff alleges that Officer Avila's report indicated that Plaintiff had a breath sample blood alcohol level of .207% at the time he was stopped, which Plaintiff admits is over the legal limit of .08%.  FAC at ¶ 8.  Plaintiff suggests that the breath sample reading could have been falsified.  FAC at ¶ 9 (noting that Officer Avila used a manual reading of Plaintiff's breath sample, and "the Officer conducting the DUI evaluation can subjectively write down a questionable breath sample").  The problem with Plaintiff's allegations against Officer Avila is that Plaintiff does not specify what is false about Officer Avila's report, other than Plaintiff's suggestion that Officer Avila may have misreported the breath sample blood alcohol level reading.[2]  This allegation is pure speculation.  "A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *Franklin*, 745 F.2d at 1228 (citations omitted).  The FAC thus also fails to state a claim under Section 1983 against Officer Avila, and the Section 1983 claim must be **dismissed without leave to amend.**

### III.  Conclusion

The court has already given Plaintiff one opportunity to remedy the deficiencies in his allegations.  The FAC fails to remedy those deficiencies.  The court therefore **dismisses the FAC without leave to amend**.

IT IS SO ORDERED.

Dated: September 24, 2014

DONNA M. RYU
United States Magistrate Judge

---

[2] Plaintiff also alleges that the blood alcohol level testing based on Plaintiff's blood samples may have been corrupted because Officer Avila exposed Plaintiff's blood samples to "heat and other manipulative elements" by keeping them in the trunk of his patrol vehicle for nine days before a toxicologist tested them.  FAC at ¶ 11.  However, Plaintiff does not connect this allegation to any cause of action, e.g. by connecting the blood sample test results and Officer Avila's report.

5